UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYREE CREER,<br><br>Plaintiff,<br><br>v.<br><br>LIVERS and WEXFORD,<br><br>Defendants. | CAUSE NO. 3:20-CV-109-JD-MGG |

OPINION AND ORDER

Tyree Creer, a prisoner without a lawyer, filed a motion for preliminary injunction. Although Creer did not file a complaint, the court will construe the allegations contained within the motion as constituting one, and the clerk will be directed to separately docket a copy of the motion (ECF 1) as a complaint. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Creer, who is currently housed at the Westville Correctional Facility, alleges that he suffers from diabetes, which causes him to have pain. ECF 1 at 1-2. He claims he has made numerous requests for medical care, but the nursing staff has refused to timely

treat him or refer him to a chronic care doctor. *Id*. Creer asserts that IDOC policy mandates that he be seen by the nursing staff within 24 hours of making a request for medical care. *Id*. However, according to Creer, the nursing staff "cuts corners" and simply forwards his forms requesting medical care back to him without ever evaluating his symptoms. *Id*. He has sued medical supervisor Livers and Wexford and seeks to enjoin them from continuing to ignore his medical issues by denying him proper treatment for his diabetes. *Id*. at 3. Creer asks to be evaluated by a chronic care doctor and have access to a doctor or nurse when needed. *Id*.

Creer has named Wexford as a defendant. Wexford is the private company which provided medical care at the prison. Creer attempts to hold the company liable because it employs the medical staff. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Because Creer's complaint against Wexford appears to be based only on Wexford's medical staff's lack of treatment, he has not stated a claim against Wexford.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Id.* A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so

obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett*, 658 F.3d at 752-53; *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

Creer has named medical supervisor Livers as a defendant. However, because he has exclusively requested injunctive relief, the warden of the facility where he currently

resides is the proper defendant. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). Therefore, the court will construe Creer's allegations as a claim against the Warden of the Westville Correctional Facility, and the clerk will be directed to edit the docket accordingly.

Creer has alleged that his attempts to obtain medical care for his diabetes have been largely ignored by the prison's medical staff, and he suffers with pain from his diabetes. Accordingly, the court finds that Creer has stated a claim against the Warden of the Westville Correctional Facility in his official capacity for injunctive relief to receive constitutionally adequate medical treatment for his diabetes. The Warden is also the proper party to respond to the motion for preliminary injunction.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket a copy of the motion for preliminary injunction (ECF 1) as a complaint;

(2) DIRECTS the clerk to add the Warden of the Westville Correctional Facility in his official capacity as a defendant;

(3) GRANTS Tyree Creer leave to proceed against the Warden of the Westville Correctional Facility in his official capacity for injunctive relief to provide him with constitutionally adequate medical care for pain related to his diabetes, as required by the Eighth Amendment;

(4) DISMISSES Wexford and Livers;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request Waiver of Service from the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy of this order and the motion for preliminary injunction construed by this court as a complaint (ECF 1), by email or fax, pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the United States Marshals Service to serve the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy of this order and the motion for preliminary injunction construed by this court as a complaint (ECF 1), by **February 18, 2020** unless he has waived service before that date, pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Warden of the Westville Correctional Facility to file and serve by **February 25, 2020**, a response to the motion for preliminary injunction (ECF 1) with a sworn statement (and supporting medical documentation as necessary) explaining how Tyree Creer is receiving constitutionally adequate medical care for pain related to his diabetes, as required by the Eighth Amendment; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Warden of the Westville Correctional Facility to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Tyree Creer, has been granted leave to proceed in this screening order.

SO ORDERED on February 11, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT